■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM STEWART, Also Known as WILLIAM STEWARD, Appellant.— Judgment, Supreme Court, Bronx County, rendered on April 22, 1970, unanimously reversed, on the law, and the matter remanded to the Supreme Court for a hearing on whether defendant should be allowed to withdraw his plea of guilty. Defendant pleaded guilty to robbery in the third degree on March 20, 1970. The minutes of this proceeding have been lost and no attempt to reconstruct them has been made. When defendant appeared for sentence on April 22, 1970, he attempted to withdraw his plea contending he was not guilty. The application was denied and he was sentenced. The validity of his application would in large measure depend on what took place at the taking of the plea. As this cannot now be reviewed, a hearing is required (*People* v. *McKennion,* 27 N Y 2d 671). Concur — Nunez, J. P., Kupferman, Steuer and Tilzer, JJ.

■ HELGA NORMAN, Respondent, v. AETNA LIFE INSURANCE COMPANY, Appellant, et al., Defendant.— Order, Supreme Court, New York County, entered on May 12, 1971, denying defendant, Aetna's, motion to preclude, to examine witnesses before trial and for discovery and inspection, unanimously modified, on the law, the facts and in the exercise of discretion, without costs and without disbursements, to the extent of directing plaintiff to respond to items F, G, H, and J of Aetna's demand for a bill of particulars and directing plaintiff to disclose the repair work done on the automobile operated by her deceased husband, and otherwise affirmed. Said information is to be supplied within five days after service upon plaintiff by appellant of a copy of this court's order, with notice of entry thereon. The items of Aetna's demand, enumerated above, are neither oppressive, burdensome, nor improper. They relate to the central issue in the case of whether or not plaintiff's husband died by accidental means or as the result of a pre-existing heart condition. Accordingly, plaintiff's failure to timely move to modify said demand requires that she be directed to promptly respond thereto (*Coin* v. *Lebenkoff,* 10 A D 2d 916). Upon her pretrial examination plaintiff expressly agreed to annex to the transcript of her testimony the repair work done to the automobile after her husband's death. Plaintiff has never furnished this information. Concur — McGivern, J. P., Nunez, Kupferman, Murphy and Capozzoli, JJ.